UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

DANIEL WORKMAN &
DENEAN WORKMAN,

    Plaintiffs,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.
_____/

Civil Action No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

NOW COMES Plaintiffs, Daniel Workman ("Mr. Workman") and Denean Workman ("Mrs. Workman") (Mr. Workman and Mrs. Workman are collectively, the "Plaintiffs"), by and through the undersigned counsel, and sue, and bring and state their Complaint against, the named Defendant, State Farm Fire and Casualty Company ("Defendant"), as follows:

## **PARTIES**

1. Plaintiffs, citizens of the State of Alabama, reside at 1551 Highway 31, Atmore, Alabama 36502 (the "Home" and/or "Property") and have so resided at all relevant times herein.

2. Plaintiffs insured the Property through Defendant, State Farm Fire and Casualty Company, which issued policy number 01-B5-F032-6 to the Plaintiffs, which policy of insurance was in full force and effect on the date of loss subject of this action.

3. At all times material, Plaintiffs have owned the Property.

4. Defendant, State Farm Fire and Casualty Company, a citizen of the State of Illinois, is incorporated in Illinois.

1

**JURISDICTION & VENUE**

5.  This action is properly before this Court on the basis of diversity of citizenship, pursuant to the requirements of **28 U.S.C. § 1332 - Diversity of citizenship; amount in controversy; costs**, which provides that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States." As a result of the damage caused to, inter alia, Plaintiffs' Property, including, without limitation, the roof, interior, exterior and building envelope, Plaintiffs' damages in this action total at least $966,649.27 (ACV), exclusive of interest and costs.

6.  Plaintiffs are citizens and residents of, and domiciled in, the State of Alabama.

7.  Defendant, State Farm Fire and Casualty Company, is a citizen of the State of Illinois and incorporated in Illinois, and its principal place of business is in Illinois.

8.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2), which states in pertinent part, "a substantial part of the events or omissions giving rise to the claim occurred," and the subject property is situated in this district in Escambia County, Alabama.

9.  That portion of the subject insurance contract in Plaintiffs' possession is Exhibit "A" to this Complaint. Upon information and belief, Defendant is in possession of the complete insurance contract, and Plaintiffs will request a copy of same in discovery in this action. Plaintiffs reserve their right to appraisal under the subject insurance contract, and Plaintiffs reserve their right to move to compel appraisal.

**ALLEGATIONS APPLICABLE TO EACH COUNT**

10. On or about September 16, 2020, Hurricane Sally and hurricane-force winds severely damaged the Property. Plaintiffs have an estimate for the storm-related damages to the

Home in the amount of at least $966,649.27 (ACV), which State Farm Fire and Casualty Company has refused to pay. Defendant has failed to fully and adequately indemnify the Plaintiffs for their covered losses.

11. Plaintiffs promptly and timely notified State Farm Fire and Casualty Company of the occurrence, and Defendant assigned the loss Claim Number 01-11N6-31F.

12. Plaintiffs fully cooperated with State Farm Fire and Casualty Company following the loss.

13. Plaintiffs satisfied all conditions precedent to pursue a valid property loss claim under the subject Policy, and/or Defendant waived conditions precedent.

14. State Farm Fire and Casualty Company failed to conduct a reasonable investigation of the loss.

15. State Farm Fire and Casualty Company failed to properly indemnify the Plaintiffs for the loss pursuant to the terms of the Policy.

16. State Farm Fire and Casualty Company failed to properly inspect the Property.

17. As result of the loss and the failure to conduct a reasonable investigation, there was additional damage at the Home.

18. State Farm Fire and Casualty Company wrongfully processed the claim in bad faith, or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiffs for their covered loss.

19. Plaintiffs placed reasonable reliance on State Farm Fire and Casualty Company that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiffs promptly for their property losses.

## COUNT I: BREACH OF CONTRACT

20. Plaintiffs restate and re-allege every allegation contained in the preceding paragraphs as if fully rewritten herein.

21. Plaintiffs had a valid contract of insurance in place with Defendant on and around September 16, 2020.

22. The valid State Farm Fire and Casualty Company contract of insurance applied to Plaintiffs' Home at 1551 Highway 31, Atmore, Alabama 36502.

23. Defendant materially breached the terms of that contract by failing to fully indemnify the Plaintiffs for their losses according to the terms of the contract.

24. Defendant materially breached the terms of that contract by ignoring and failing to participate in appraisal despite Plaintiffs' written appraisal demand made to Defendant.

25. Defendant materially breached the terms of that contract by failing to identify its appraiser in accordance with the terms of the contract.

26. Defendant materially breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiffs according to the terms of the contract.

27. As a direct and proximate result of the material breaches of the insurance contract by State Farm Fire and Casualty Company, Plaintiffs have sustained losses and damages in an amount yet to be determined but totaling at least $966,649.27 (ACV), exclusive of interest and costs, according to proof at trial.

28. Plaintiffs are entitled to the consequential and incidental damages which naturally resulted from Defendant's breaches of the insurance Policy contract.

29. As a further direct and proximate result of Defendant's breach of the insurance Policy contract, Plaintiffs have suffered and incurred other reasonably contemplated and foreseeable damages, including, without limitation, attorney's fees, costs, and interest.

30. Plaintiffs' damages in connection with the breaches of contract are ongoing.

31. Plaintiffs pray for judgment on this Count against Defendant in an amount totaling at least $966,649.27 (ACV), exclusive of interest and costs, though Plaintiffs reserve their right to appraisal under the subject insurance contract, and Plaintiffs reserve their right to move to compel appraisal.

## COUNT II:   BAD FAITH

32. Plaintiffs restate and re-allege every allegation contained in the preceding paragraphs.

33. Plaintiffs gave Defendant prompt and reasonable notice of the damages which resulted from the subject losses and have requested payment of the benefits to which they are entitled. Issuance by the Defendant of the subject insurance contract to the Plaintiffs created a contractual relationship between Plaintiffs and Defendant. Defendant was therefore subject to the implied-in-law duty to act fairly and in good faith in order not to deprive Plaintiffs of the benefits of the insurance contract.

34. Defendant acted willfully, fraudulently, intentionally, and in bad faith in refusing to consider the full nature and extent of the Plaintiffs' losses and to properly investigate the Plaintiffs' claim in reaching its determination to summarily refuse to pay the Plaintiffs' entire claim. This was done knowingly, intentionally and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiffs under the terms of the Policy. Defendant intentionally refused to pay the Plaintiffs' entire claim and has no reasonably legitimate or arguable reason for that refusal to pay.

35. Defendant has actual knowledge of the absence of any legitimate or arguable reason for refusing to pay Plaintiffs' claims.

36. Defendant's intentional refusal to pay the Plaintiffs' valid claim was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive the Plaintiffs of the benefits of the subject insurance contract. Defendant's conduct in intentionally refusing to pay the Plaintiffs' valid claim is malicious, fraudulent, oppressive and otherwise reflects a conscious disregard for Plaintiffs' rights.

37. As a proximate result of Defendant's intentional refusal to pay Plaintiffs' valid claims, and Defendant's consequent breach of the implied-in-law duty of good faith and fair dealing, Plaintiffs have been caused to suffer and endure mental and emotional distress, and Plaintiffs' dwelling has suffered serious structural damage and interior damage from continued water intrusion and other conditions related to the subject Hurricane Sally-related losses.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs demand the following relief:

A. judgment against Defendant, State Farm Fire and Casualty Company, for the full value of the losses and damages caused by the subject loss at the Property on or about September 16, 2020, in an amount yet to be determined but totaling at least $966,649.27 (ACV), exclusive of interest and costs, according to proof at trial;

B. judgment against Defendant, State Farm Fire and Casualty Company, for compensatory damages related to Defendant's Bad Faith investigation and adjustment, and failure to adequately indemnify the Plaintiff for this loss, in an amount to be determined at trial;

C. judgment against Defendant, State Farm Fire and Casualty Company, for an award of punitive damages in an amount to be determined by the trier of fact;

D. an award of reasonable attorney's fees and costs incurred in the prosecution of this action;

E. an award of pre- and post-judgment interest; and

F. such further additional relief, whether at law or at equity, as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Federal Rules of Civil Procedure 38 and 39.

Date: <u>March 27, 2025</u>      Respectfully submitted,

**LAGARDE LAW**

  <u>/s/ Ross F. Lagarde</u>
**ROSS F. LAGARDE (#LAG004)**
2345 Gause Blvd. East
Slidell, Louisiana 70461
Telephone: (985) 605-0527
Facsimile: (985) 605-0526
Email: ross@1rfl.com

**PLEASE SERVE:**

**STATE FARM FIRE AND CASUALTY COMPANY**
**ONE STATE FARM PLAZA**
**BLOOMINGTON, ILLINOIS  61710**